# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| DEBRA SORRELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00799-RK |
| | ) | |
| HARRAH'S NORTH KANSAS CITY, | ) | |
| LLC and BRUCE OSTROFF, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court are Defendants Harrah's North Kansas City, LLC and Bruce Ostroff's motion to dismiss, (Doc. 45), and Plaintiff Debra Sorrells' motion to remand to state court for lack of diversity-of-citizenship subject-matter jurisdiction, (Doc. 43). The motions are fully briefed. (Docs. 44, 52, 54, 56.)[1] After careful consideration and for the reasons explained below, the Court **ORDERS** that Defendants' motion to dismiss is **DENIED**, and Plaintiff Debra Sorrells' motion to remand to state court is **GRANTED**. This case is accordingly **REMANDED** to the Circuit Court of Clay County, Missouri.

### Background and Procedural Posture

On October 13, 2025, Defendant Harrah's North Kansas City, LLC, removed this premises liability and negligence case to federal court from the Circuit Court of Clay County, Missouri. (Doc. 1.) At the time of removal, Defendant Harrah's was the sole-named defendant. (*See* Doc. 1-2 at 1-4.) Plaintiff alleged that she suffered personal injuries when a Harrah's employee "exited [a] restroom at speed," causing the restroom door to hit Plaintiff's knee. (*Id.* at 2, ¶ 6.) On October 17, 2025, Defendant Harrah's moved to dismiss the case for failure to state a claim. (Doc. 4.) Plaintiff thereafter filed a motion for leave to file a first amended complaint ("first motion to amend"). (Doc. 7.) Specifically, Plaintiff sought to amend her pleadings to add the unidentified John Doe employee who exited the restroom as a defendant and to add additional factual clarifications and corresponding claims. Defendant Harrah's opposed Plaintiff's first motion to

---

[1] Defendants did not file a reply in support of their motion to dismiss, and the time for doing so has passed. *See* Local Rule 7.0(c).

amend only on the basis that Plaintiff had not been diligent in seeking to amend and that there was undue delay in bringing the motion to amend. (Doc. 15.)  The Court granted Plaintiff's first motion to amend and directed Plaintiff to file the proposed first amended complaint as attached to the motion on or before February 18, 2026.  (Doc. 25.)[2]

Plaintiff did not file the first amended complaint as directed.  Thus, on February 25, 2026, Defendant Harrah's filed a motion to dismiss for failure to prosecute.  (Doc. 27.)  Less than a week later, on March 2, 2026, Plaintiff filed a motion for leave to file a second amended complaint ("second motion to amend"), (Doc. 29), attaching a proposed second amended complaint, (Doc. 29-1).  As to her second motion to amend, Plaintiff sought to modify the proposed first amended complaint to add the name of the Harrah's employee previously identified as "John Doe" and to provide his (non-diverse) residence and citizenship.  Defendant Harrah's opposed Plaintiff's second motion to amend only on Plaintiff's failure to comply with Court-ordered deadlines, including the deadline to file the first amended complaint.  (Doc. 34.)  Defendant Harrah's presented no other substantive opposition to Plaintiff's second motion to amend.

The Court ultimately granted Plaintiff's second motion to amend, finding that "[t]he Court previously found that it was in the interest of justice to permit Plaintiff to file [the] First Amended Complaint," and that the proposed second amended complaint did not "substantially alter" the proposed first amended complaint which Plaintiff had previously been granted leave to file.  (Doc. 39 at 2.)  Accordingly, the Court directed Plaintiff to file the proposed second amended complaint attached to the motion on or before April 10, 2026.  (*Id.* at 3.)

On March 31, 2026, Plaintiff filed the Second Amended Complaint, which named as an additional defendant Bruce Ostroff—the previous "John Doe" employee from the proposed first amended complaint.  (Doc. 40 at ¶ 4.)  The Second Amended Complaint also states that "Plaintiff is an individual currently residing in Jackson County, Missouri," and that "Ostroff is a Missouri resident and citizen residing at 5528 N. Bennington Ave, Kansas City, Mo. 64119."  (*Id.* at ¶¶ 2, 4.)  In the Second Amended Complaint, Plaintiff asserts claims for negligence against both Defendants (Count 1) and direct negligence and premises liability against Defendant Harrah's (Counts 2 and 3).  (Doc. 40 at 2-4.)

---

[2] The Court also denied as moot Defendant Harrah's previously pending motion to dismiss at that time.

**Discussion**

### I.     Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's case "for exceeding the scope of the Court's Order" by filing the Second Amended Complaint. (Doc. 46 at 1.) Defendants do not cite any specific authority as the basis for their motion to dismiss. Plaintiff interprets Defendants' motion as requesting dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. As noted above, Defendants did not file a reply to their motion to dismiss (nor do they otherwise contest Plaintiff's characterization of their motion to dismiss). The Court agrees with Plaintiff that Defendants' motion appears to be a motion to dismiss under Rule 41(b), rather than a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure.[3]

Rule 41(b) permits involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." "Despite the breadth of the language of the rule," the Eighth Circuit has "held that a Rule 41(b) dismissal with prejudice 'is a drastic and extremely harsh sanction, and is proper only when there has been a clear record of delay or contumacious conduct by the plaintiff.'" *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (quoting *Skelton v. Rapps*, 187 F.3d 902, 908 (8th Cir. 1999)).[4]

Defendants argue that Plaintiff violated the Court's Order granting leave to file the second amended complaint, (Doc. 39), because "[t]he Court expressly permitted Plaintiff to amend her pleading solely to identify the John Doe defendant by name, residence, and citizenship," but that Plaintiff instead "filed a substantially revised pleading," asserting additional claims which were not pleaded in the prior operative pleading, i.e., the petition initially filed in state court. (Doc. 46 at 2.)

The confusion here stems from the fact that Plaintiff did not file the first amended complaint after having been granted leave to do so. From Plaintiff's state petition, (Doc. 1-2), to her proposed first amended complaint, (Doc. 7-1), Plaintiff expanded her claims by asserting a negligence claim against a "John Doe" defendant, a direct negligence claim against Defendant Harrah's, and by alleging a different dangerous condition in support of her premises liability claim.

---

[3] None of the Rule 12(b) dismissal categories—lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim, or failure to join a required party—apply to Defendants' particular argument for dismissal.

[4] Defendants do not specify whether they seek dismissal with prejudice or without prejudice. The Court presumes that Defendants seek dismissal with prejudice.

3

Defendant Harrah's did not challenge this substantive change to the complaint in opposing Plaintiff's first motion to amend. The Court granted leave to file the proposed first amended complaint "in the interest of justice and finding no undue delay." (Doc. 25.)

Instead of filing the first amended complaint as directed by the Court, however, Plaintiff filed the second motion to amend which differed from the first amended complaint by including the name and citizenship of the "John Doe" defendant as named in the first amended complaint. Because the Court had previously approved filing the proposed first amended complaint with the substantive changes from the state petition, it did not conduct analysis as to these changes in the Order granting Plaintiff's motion to file a second amended complaint.[5] Instead, the Court noted the new changes—naming the John Doe and his citizenship—and concluded that it was in the interest of justice to permit Plaintiff to file the proposed second amended complaint. Accordingly, the Court ordered Plaintiff "to file the Second Amended Complaint *attached to the motion* on or before April 10, 2026." (Doc. 39 at 3 (emphasis added).) This time, Plaintiff appropriately and timely filed the proposed second amended comlaint that had been attached to her second motion to amend, as ordered by the Court.

Thus, the Court concludes that Defendants' motion to dismiss the case for failure to follow the Court's Order is unfounded. Plaintiff followed the Court's directive and filed the Second Amended Complaint as approved and ordered by the Court. Defendant Harrah's had the opportunity to challenge the substantive additions to Plaintiff's pleading when Plaintiff originally requested leave to file a first amended complaint and again when Plaintiff requested leave to file a second amended complaint; Defendant Harrah's failed to do so in either instance, relying only

---

[5] Defendants correctly note that until Plaintiff filed the Second Amended Complaint on March 31, 2026, the operative pleading in the case remained Plaintiff's state petition, (Doc. 1-2), because the proposed first amended complaint was never filed. However, the Court's consideration of whether to permit Plaintiff to file the proposed second amended complaint was done in the context of the Court previously permitting the filing of the proposed first amended complaint, and by extension, permitting the substantive amendments to Plaintiff's claims therein. Moreover, Plaintiff's motion for leave to file the second amended complaint clearly sought to amend the previously approved proposed first amended complaint rather than as to the state petition. Indeed, the proposed second amended complaint merely sought to name (and provide the citizenship of) the "John Doe" defendant which defendant appeared for the first time in the proposed first amended complaint. Thus, while the Court does not condone Plaintiff's failure to file the first amended complaint as directed (the Court notes that Plaintiff has never explained why the first amended complaint was not timely filed as ordered by the Court), the Court's focus for Plaintiff's motion to file a second amended complaint was the changes between the proposed first amended complaint and the proposed second amended complaint.

4

on arguments about lack of diligence and undue delay.  Defendants' motion to dismiss under Rule 41(b) is **DENIED**.

## II.    Plaintiff's Motion to Remand

Plaintiff moves to remand to state court for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c).  Defendants oppose remand, arguing (1) that the motion to remand is premature in light of Defendants' motion to dismiss, and (2) that under *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302 (8th Cir. 2009), the Court should "closely scrutinize the post-removal joinder of [a] non-diverse defendant[]," i.e., Defendant Ostroff.  Defendants' arguments are unavailing.

First, as set out above, the Court denies Defendants' Rule 41(b) motion to dismiss.  As a result, the Second Amended Complaint is the operative pleading in this case.  Second, as to Defendants' back-up argument, Defendants at least implicitly acknowledge (and do not contest) that Defendant Ostroff is a non-diverse defendant for purposes of considering federal diversity-of-citizenship subject-matter jurisdiction under 28 U.S.C. § 1332.  Relying on *Bailey*, they argue that Plaintiff's motion to remand should be denied and (functionally) the Court should reconsider the prior Order granting Plaintiff's second motion to amend to the extent doing so destroys federal diversity jurisdiction.

As an initial matter, the Court notes that this case is on its face not like *Bailey*, in which the Eighth Circuit recognized that a district court has "discretionary authority to reconsider and reverse its previous joinder decision" when the plaintiff sought "leave to amend the complaint by naming additional defendants, and the plaintiff fails to inform the court that one or more of those defendants will destroy diversity."  563 F.3d at 307.  Here, the entire explicit purpose of Plaintiff's second motion to amend was to name the John Doe defendant as added in the first amended complaint (which the Court had permitted Plaintiff to file over Defendant Harrah's procedural objection, even if Plaintiff did not do so) and to include his non-diverse citizenship.

Despite the clear and unambiguous express amendments to the pleadings in this regard, Defendant Harrah's raised no opposition to the then-proposed second amended complaint on the basis that allowing the amended pleading would destroy complete diversity. Instead, it solely asserted a procedural argument that (similar to the procedural argument addressed above as to Defendant's Rule 41(b) motion to dismiss) the Court rejected.  As the Supreme Court very recently made clear, "[f]ederal courts adhere to the principle of party presentation. *Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. __, 2026 WL 1463466, at *2 (May 26, 2026) (per curiam).  In other

5

words, the Court necessarily "rel[ie]s on the parties to frame the issues for decision and decide[s] only the questions presented." *Id.* To do otherwise is error. *See id.* Under these circumstances, particularly where *Bailey* is distinguishable, the Court finds that it is improper for Defendant Harrah's to now argue that Plaintiff's motion to remand for lack of diversity jurisdiction should be denied on essentially the grounds that the Second Amended Complaint should not have been permitted in the first instance. Defendant Harrah's had every opportunity to oppose the then-proposed second amended complaint that on its face destroys federal diversity jurisdiction but did not do so at the proper time.

Other than opposing Plaintiff's motion to remand, Defendant Harrah's did not seek reconsideration of the prior Order. Nor would the belated assertion, that the proposed amendment should not be permitted because it would require remand for lack of diversity jurisdiction, hold much water. *See Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015) ("A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending."). Defendant Harrah's cannot achieve indirectly in opposing Plaintiff's motion to remand what it would not be entitled to achieve directly in a motion for reconsideration.

Nevertheless, the Court notes alternatively that even if it were to reconsider the propriety of the Second Amended Complaint to the extent it destroys federal diversity jurisdiction on its face, the result would be the same. Under 28 U.S.C. § 1447(e), the Court may, after a case has been removed from state court, deny joinder of a non-diverse defendant or grant joinder and remand the action to the state court. *See also Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) ("When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says."). In considering whether a non-diverse party should be joined as a defendant and a case remanded to state court in the context of a proposed amended pleading, the Court considers three factors: "(1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether [the] plaintiff has been dilatory in asking for amendment, and (3) whether [the] plaintiff will be significantly injured if amendment is not allowed." *Bailey*, 563 F.3d at 309.

Defendants argue that Plaintiff's late joinder of a "John Doe" defendant, and then Defendant Ostroff in particular, was aimed at defeating diversity jurisdiction. The Court is not persuaded. Plaintiff did not plead a "John Doe" defendant in the state court petition. (Doc. 1-2.)

6

However, as the case proceeded and Plaintiff learned additional information, Plaintiff sought leave to amend and added claims which were properly asserted as to the Harrah's employee rather than against only Defendant Harrah's. The Court does not find that Plaintiff sought amendment exclusively or solely to defeat federal jurisdiction. Rather, the amendments show that as the case progressed Plaintiff learned additional information which impacted the legal theories and parties. *See Coats v. Tyson Foods, Inc.*, No. 21-cv-06154-SRB, 2022 WL 138128, at *2 (W.D. Mo. Jan. 14, 2022) (permitting joinder of non-diverse defendant concluding that Coats' "joinder . . . is not intended to defeat diversity, but rather for [Coats] to litigate each claim related to the alleged injury in the lawsuit."). Moreover, Plaintiff filed her motion for leave to file a first amended complaint on November 14, 2025, prior to learning the identity (and presumably, therefore, the citizenship) of the "John Doe" defendant on February 2, 2026. This further supports the Court's finding that Plaintiff did not plead the "John Doe" defendant (who turned out to be Defendant Ostroff) for the purpose of destroying diversity. This first factor would weigh in favor of allowing the amended complaint.

Defendants further argue that Plaintiff was dilatory in seeking the amendment because Plaintiff knew of Defendant Ostroff's identity since February 2, 2026. Plaintiff was not dilatory in seeking amendment to plead the "John Doe's" identity and citizenship, which Plaintiff sought a *mere month* after discovering the identity of Defendant Ostroff and well before the June 15, 2026, deadline for amendment of pleadings and joinder of parties, (*see* Doc. 20). *See Coats*, 2022 WL 138128, at *2 (concluding Coats did not improperly delay seeking to add non-diverse party when Coats sought leave to amend 30 days after notice of removal); *cf. Bailey*, 563 F.3d at 309 (noting Bailey waited a year to join non-diverse defendants). Defendants' own admissions indicate that Plaintiff was unaware of the identity and citizenship of Defendant Ostroff until well after the case was removed to federal court. *Cf. id.* (noting Bailey knew all of the parties *at the time of filing suit*). This second factor similarly weighs in favor of allowing the amended complaint.

Finally, Defendants argue that Plaintiff will not be injured by refusing to permit Defendant Ostroff as a party because Plaintiff alleges that Defendant Ostroff was acting within the scope of his employment, so Plaintiff can hold Defendant Harrah's liable under a *respondeat superior* theory of liability. However, as Plaintiff notes, Missouri law recognizes the liability of both corporate and individual defendants, and an employee who commits a tort can be personally liable even if acting within the scope of employment under certain circumstances. *See Barrett v.*

7

*Sherwin-Williams Co.*, No. 4:08-cv-1160-RWS, 2008 WL 11393099, at *1-2 (E.D. Mo. Oct. 15, 2008). Defendants do not argue (and provide no legal authority) that the state claims asserted against Defendant Ostroff are unfounded or otherwise insufficient. This third factor is neutral.

Because the first two *Bailey* factors weigh significantly in favor of allowing the joinder and the third *Bailey* factor is neutral, the result in this case would be the same. In other words, even if the Court were to reconsider the prior Order allowing the Second Amended Complaint, the Court would still permit Plaintiff to file the Second Amended Complaint even though doing so has the effect of destroying the Court's subject-matter jurisdiction.

Accordingly, consistent with the discussion above, the Court finds that under the Second Amended Complaint, it lacks subject-matter jurisdiction for diversity of citizenship under 28 U.S.C. § 1332, and that remand is therefore required.

### Conclusion

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that Defendants Harrah's North Kansas City, LLC and Bruce Ostroff's motion to dismiss, (Doc. 45), is **DENIED**, Plaintiff Debra Sorrells' motion to remand to state court, (Doc. 43), is **GRANTED**, and this case is remanded to the Circuit Court of Clay County, Missouri.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 3, 2026

8